STATE, Plaintiff-Appellee, v. ABBOTT et,
Defendants-Appellants.

Ohio Appeals, Seventh District, Monroe County.

No. 358.   Decided January 20, 1960.

*Mr. T. J. Kremer, Jr.*, prosecuting attorney, for plaintiff-
appellee.

*Messrs. Malik & Malik* and *Mr. Dana Kahle,* for defendants-
appellants.

For further history see *Omnibus Index* in bound volume.

Donahue, J. Appellants were defendants in the Court of Common Pleas, charged with forcible and statutory rape. They were convicted of statutory rape of the fifteen year old complaining witness.

The rape is alleged to have been committed in the course of what appears to have been a rather drunken session, involving the four defendants, and the mother and father of complaining witness. There is evidence of drinking on the part of the mother, which she denies. The father admittedly had been drinking heavily, had been slugged at least once by one of the defendants, and all in all was in no condition to defend his daughter, had he wanted to. The mother, according to herself and her daughter, made some effort to dissuade the defendants by telling them to stop. All four defendants deny molesting the complaining witness in any way. The doctor who examined the girl some twenty-four hours later would go no further than to say that she might have had intercourse. He found no injury of any sort. He was called as a witness by defendants.

Errors claimed are:

1. Error in not permitting defendants to impeach Chester Brown, a hostile witness by cross-examination.

2. Error in not permitting defendants to cross-examine the prosecutrix, for impeachment purposes.

3. Same in regard to Prosecutrix's mother.

4. Error in threatening defense counsel with disciplinary action.

5. Error in not directing a verdict.

6. Verdict is contrary to law.

In reference to the first error—Brown's testimony in chief was pretty much to the effect that he was drunk and knew nothing. Defense attempted to introduce an affidavit alleged to have been made by Brown to show that he did know something of the facts. The affidavit was incorporated in the bill of exceptions, having been read into the record out of hearing of the jury. After reading the same, we conclude that it would have added nothing to the defense. In fact, it might have hurt. Therefore even though there might have been some error in rejecting it, we do not find it prejudicial in light of all of the evidence.

On the second and third assignments, defense counsel was allowed broad latitude in cross-examination with the exception of bringing up the subject of "boy friends." The trial court was adamant in ruling out such references and finally slapped counsel's wrist for persisting. Counsel complain bitterly of one particular part of their examination in which they state that the prosecuting witness answered the following question:—

"Q. Did you know the four boys when they came there?

"A. No, I didn't know them at all."

Immediately thereafter she admitted she did know one of the boys.

Counsel was in error in his quotation. The record reveals that the answer was "No, I didn't know them all," not "at all."

Counsel attempted to show, as they claim, that prosecutrix had a multitude of "boy friends," and that she was lying when she and her mother stated under oath that she didn't have a "boy friend." This court is, of course, handicapped by not having voice inflections before us. A voice inflection could put a very special meaning to the term "boy friend." In the absence of such inflections we must presume that the trial judge interpreted the phrase in such a way that he believed the questions were not for the purpose of impeaching the witnesses' veracity but for the sole purpose of blacking the character of prosecutrix. Under the verdict of statutory rape, her character could not have been involved.

As to assignment number four, we have pointed out that counsel, in their brief in this court, have misquoted evidence. We might mention that their brief, in summing up the testimony of their own witness, Dr. Antalis, misinterpreted the doctor's quoted testimony to an extent that almost seems deliberate. A careful review of counsel's persisted attempts to introduce evidence which had already been ruled out, we feel, justified the slap on the wrist he received.

A thorough review of the evidence fails to support assignment number five and six.

The judgment of the court of common pleas is, therefore, affirmed.

GRIFFITH, PJ., and PHILLIPS, J., concur.